```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

BRIDGET PAGE,

           Plaintiff,

vs.                                       Case No. 14-1016-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act 28 U.S.C. § 2412 (EAJA) (Doc. 18). Defendant has filed a response (Doc. 19).

**I. General legal standards**

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party is one who has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit. Tex.

State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

The Commissioner bears the burden to show that her position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The test for substantial justification is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct. Hackett, 475 F.3d at 1172; see Madron v. Astrue, 646 F.3d 1255, 1257-58 (10th Cir. 2011). EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position. Hackett, 475 F.3d at 1174.

**II. Was the position of the Commissioner substantially justified?**

The only issue raised by the Commissioner in her brief was that attorney fees should not be awarded under the EAJA because of the Commissioner's contention that the position of the

government was substantially justified.  As noted above, the Commissioner has the burden of proof to show that her position is substantially justified.

In this case, the ALJ failed to discuss the opinions set forth by Dr. Grote dated April 24, 2012, five days after Dr. Grote filled out the physical RFC form.  In that letter, Dr. Grote stated the following:

> This is a letter to document her disabilities.
>
> Ms. Page first came to me back in 2007.  **She had suffered several months apart a motor vehicle accident and a jet ski injury…Since that time she has had severe cervical and upper thoracic pain specifically involving the right scapular area.  She also has pain in the neck that goes down the arms sometimes more specifically on the right side.  In addition on the right side of the low back she has pain that can shoot down the sciatic distribution.  In the neck she has severe injury to the aponeurosis of her neck, which is at the occipital base and this causes severe headache pains and triggers migraines or cluster headaches 3 to 5 times per week.**
>
> …more recently we were able to give her Triptan medicines which have helped…
>
> In addition she has had depression related to this chronic pains syndrome and has not tolerated many medicines, but most recently she has had a beneficial response to Pristiq 50 mg 1 per day.  Four years ago I did trigger point injections on her and I repeated them today trying to narrow down pain which occurs in the right thoracic area specifically on the costal rib margins.  We were able to successfully block some of her

3

> pain and hopefully this will be a more long
> lasting thing but it more than likely will
> require some type of repeat tender point
> injection. In addition we injected the
> iliac crest and right sacroiliac areas
> today. We will hope for some long lasting
> results. Finally in the last few months we
> have put her on hydrocodone to help her pain
> in addition to using migraine medicine,
> muscle relaxers, and also mood stabilizers
> to help headache prevention.

(R. at 776, emphasis added).[1]

As the court noted in its decision, an ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). This rule was recently described as a "well-known and overarching requirement." Martinez v. Astrue, 2011 WL 1549517 at *4 (10th Cir. Apr. 26, 2011). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. The ALJ "will" evaluate every medical opinion that they receive, and will consider a number of factors in deciding the weight to give to any medical opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

According to SSR 96-8p:

---

[1] The ALJ's only reference to this document was to note that Dr. Grote mentioned treatment for a heel spur (R. at 14, 776).

4

> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184 at *7.

Although an ALJ is not required to discuss every piece of evidence, the ALJ must discuss significantly probative evidence that he rejects. Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). Furthermore, the general principle that the ALJ is not required to discuss every piece of evidence does not control when an ALJ has opinion evidence from a medical source. In such a situation, the ALJ must make clear what weight he gave to that medical source opinion. Knight v. Astrue, 388 Fed. Appx. 768, 771 (10th Cir. July 21, 2010).

EAJA fees should generally be awarded where the government's underlying action was unreasonable. The ALJ clearly failed to follow the agency's own regulations and case law regarding the opinions expressed by Dr. Grote in his letter of April 24, 2012. In general, the failure to follow the agency's own regulations and controlling case law cannot be deemed reasonable.

This failure by the ALJ is especially significant in light of the fact that the ALJ found that plaintiff's headaches were not a severe impairment because of the lack of any objective medical signs or laboratory findings to support such an

5

impairment.  In his letter, Dr. Grote addresses the physiological cause of her headaches.  Furthermore, this letter provides a narrative discussion of the bases of her disabilities; it was therefore error for the ALJ to discount the opinions expressed by Dr. Grote on the medical source statement-physical because those opinions were presented in a checkbox format.  The letter, written 5 days after Dr. Grote filled out the RFC form, was designed to specifically document the bases for her limitations.[2]

The Commissioner argues that the record as a whole demonstrates that Dr. Grote's opinions were not supported by his treatment notes (Doc. 19 at 2).  Defendant states that Dr. Grote even instructed plaintiff to return to work (Doc. 19 at 3).  However, what Dr. Grote stated on June 4, 2007 was that plaintiff "was given a note for work but instructed specifically to try to return to work **unless** limited severely by her pain or fatigue, which was her decision today not to go to work" (R. at 542, emphasis added).  The court also addressed this issue in its decision, when it stated:

> Finally, the ALJ asserted that Dr. Grote's treatment notes do not support his opinions.

---

[2] As the court noted in its decision, Dr. Grote's opinions regarding plaintiff's headaches should also be considered in light of the opinions of Dr. Winegarner, who stated in 2007 that plaintiff had intractable migraine headaches, called chronic daily headaches.  Dr. Winegarner indicated that until her headaches are under control, it is likely she will miss work unexpectedly on occasion because of the headaches or need to go home early unexpectedly.  He stated that plaintiff's headaches resulted in neck pain, difficulty thinking and concentrating during a headache, and a frequent need for medication (R. at 410).  The ALJ discounted this opinion (R. at 21), but failed to discuss the opinion of Dr. Grote which provides clear support for the opinions of Dr. Winegarner.

>On remand, the ALJ should review the
>treatment note of June 1, 2012 which states
>that plaintiff came in with a severe
>migraine headache, and that "she remains
>disabled with pain, anxiety and malaise" (R.
>at 783).  The ALJ should also consider the
>letter from Dr. Grote, dated October 2,
>2012, which was submitted after the ALJ
>decision, but before the decision of the
>Appeals Council.  Dr. Grote, in that letter,
>states that throughout the period of
>treatment (2007-2012), plaintiff has
>remained unable to function in an intense
>sedentary job, and that the medications that
>plaintiff has received have essentially made
>her barely functional to do activities of
>daily living (R. at 797-798).

(Doc. 16 at 13).

The Commissioner has the burden of proof to show that her position was substantially justified.  The test is one of reasonableness.  However, it is not reasonable for an ALJ to ignore a medical opinion, especially one that addresses the physiological causes of her headaches and provides a narrative discussion of the bases of her disabilities, and which is supported by the opinions of another physician, Dr. Winegarner.  Furthermore, some of the medical records and treatment notes support the opinions of Dr. Grote.

On the facts of this case, it was not harmless error to fail to consider the opinions expressed by Dr. Grote on April 24, 2012.  The court cannot say that no reasonable factfinder, had he considered the opinions of Dr. Grote, would have resolved the factual matter in any other way.  The court finds that the

position of the Commissioner was not substantially justified. The government's underlying action of ignoring a medical opinion was unreasonable.[3]

Plaintiff indicates that counsel spent 18.25 hours on this case, and requests compensation at a rate of $185.00 an hour, for a total of $3,376.25. Reimbursement is also sought for 15 law clerk hours at a rate of $100.00 an hour, for a total of $1,500.00. Thus, plaintiff is seeking a total award under the EAJA of $4,876.25. The court finds that the hours spent by counsel and their staff was reasonable. Therefore, a reasonable attorney fee pursuant to the EAJA is $4,876.25.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 18) is granted, and the Commissioner is order to pay plaintiff an attorney fee in the amount of $4,876.25.

Dated this 24th day of November 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[3] The government cited to Marsh v. Colvin, a 9th Circuit case to support its argument of harmless error (Doc. 19 at 4). However, in that case, the court held that "In the circumstances of this case, where the ALJ did not even mention Dr. Betat's opinion that Marsh's chronic bursitis rendered her 'pretty much nonfunctional,' we cannot 'confidently conclude' that the error was harmless." Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015).